## CARR v. HARDEMAN & PHINIZY et al.

BECK, J. Where one was appointed receiver to collect and take charge of certain rents from lands and to hold the same to be paid out upon further order of court, and, having as such receiver come into possession of funds, he turned the same over to a firm of which he was a member, the fact that subsequently both he and the firm of which he was a member were declared bankrupts did not render such receiver exempt from rule to compel him to pay over the funds which he had taken charge of as receiver, upon the demands of creditors of the es-

tate of which he was receiver. Under the facts of this case, the judge properly granted an order requiring the receiver to pay out the funds upon the petition of the defendants in error.

(*a*) Whether or not, in case a proper showing shall be made of the inability of the receiver to pay the funds stated, he should be punished as for contempt of court, is not now for decision.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 15, 1915.

Rule. Before Judge Brand. Banks superior court. March 19, 1914.

In an equitable proceeding Carr was appointed receiver for certain lands, with direction to collect the rents arising therefrom for a designated period, and to hold the same to be paid out under orders of the superior court appointing him such receiver. Carr mingled the funds so collected by him as receiver with the assets of the partnership, Carr, Boyd & Company, of which he was a member. Subsequently both the partnership and Carr were adjudicated bankrupts, and the funds collected by Carr as receiver were not paid out under order of the court. Hardeman & Phinizy, upon whose petition Carr was appointed receiver, obtained a rule requiring him to show cause why the money collected by him as receiver should not be paid over to them, or to whomever the court might award the same; and to show cause why he should not be held in contempt of court. Miller, a judgment creditor, filed an intervention, claiming the funds in the hands of the receiver; and Miller and Hardeman & Phinizy consented to a distribution of the same. The court passed an order directing that the money, after the payment of the receivership expenses allowed, be paid over to Miller and Hardeman & Phinizy. To this order Carr excepted.

*John J. & Roy M. Strickland,* for plaintiff in error.

*John B. Gamble* and *Johnson & Johnson,* contra.